IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-22-91-RAW |
| ) | |
| RAYLON SHARROD TRIPLETT- ) | |
| ARMSTRONG and ISHMEL MUSTAFA ) | |
| BROWN, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the court is the motion of defendant Triplett-Armstrong to dismiss Count 3. Both defendants are charged in Count One with possession with intent to distribute fentanyl and in Count Two with possession of a firearm in furtherance of a drug trafficking crime. Defendant Triplett-Armstrong is charged in Count Three with being a felon in possession of a firearm. In the present motion, defendant asserts 18 U.S.C. §922(g)(1) [the charging statute as to Count 3] is unconstitutional under the Second Amendment.

The Tenth Circuit has previously rejected a Second Amendment challenge to section 922(g)(1). *United States v. Baer,* 235 F.3d 561, 564 (10th Cir.2000); *see also United States v. McCane,* 573 F.3d 1037, 1047 (10th Cir.2009)(challenge to section 922(g)). The present motion, however, places reliance upon a recent Supreme Court decision, *New York State Rifle & Pistol Ass'n, Inc. v. Bruen,* 142 S.Ct. 2111 (2022). Such an argument presents a district court with a distinct form of analysis.

A district court in the Tenth Circuit is bound by Tenth Circuit precedent. *See United*

*States v. Spedalieri,* 910 F.2d 707, 709 & n.2 (10th Cir.1990). While a district court has an obligation to follow the Supreme Court where an intervening decision of that Court directly or implicitly reverses Tenth Circuit precedent, a district court must be extremely careful in concluding that circuit precedent is no longer good law, and should only deviate from such authority where it is powerfully convinced that the circuit will overrule itself at the next available opportunity. *See United States v. Wehunt,* 230 F.Supp.3d 838, 846 (E.D.Tenn.2017).

Here, this court is not so convinced. On the merits, the only circuit court to address the present challenge post-*Bruen* has rejected it. *See Range v. Attorney General of the United States,* 53 F.4th 262, 284 (3d Cir.2022). Recent district court authority has not been congenial either. *See United States v. Teerlink,* 2022 WL 17093425, *1 & n.9 (D.Utah 2022). Tenth Circuit precedent stands and will be followed.

It is the order of the court that the motion of defendant Triplett-Armstrong to dismiss Count 3 (#96) is hereby denied.

**ORDERED THIS 30th DAY OF DECEMBER, 2022.**

_____
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**