IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-22-91-RAW |
| ) | |
| RAYLON SHARROD TRIPLETT- ) | |
| ARMSTRONG and ISHMEL MUSTAFA ) | |
| BROWN, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the court is the motion in limine of the government regarding entrapment.[1] Both defendants are charged in Count One with possession with intent to distribute fentanyl and in Count Two with possession of a firearm in furtherance of a drug trafficking crime. Defendant Triplett-Armstrong is charged in Count Three with being a felon in possession of a firearm.

In his trial brief (#109) defendant Triplett-Armstrong raised a potential entrapment defense regarding Count One. The matter was raised orally by the government at the pretrial conference, and the court preliminarily observed that it sounded like an issue to be dealt with in jury instructions. The present motion is directed solely at defendant Triplett-Armstrong and

---

[1] "The entrapment defense is an area of the law 'fraught with confusion,' and there is still variation among the circuits on how to submit the issue to the jury." 2A Wright & Henning §495 at 510 (footnote omitted)(4th ed.2009). "It was once thought that a defendant who denies commission of the crime could not have the issue of entrapment submitted to the jury. But the Supreme Court held to the contrary in [*Mathews v. United States,* 458 U.S. 58 (1988)] that even if a defendant denies one or more elements of the crime, he is entitled to an entrapment instruction whenever there is sufficient evidence from which a reasonable jury could find entrapment." *Id.* At 509-10 (footnotes omitted).

he has responded (#138). The government asks the court to rule as a matter of law before trial that Triplett-Armstrong is not entitled to a jury instruction regarding entrapment.

Defendant appears to seek to preserve both the defense of "traditional" entrapment (*see* Tenth Circuit Pattern Instruction 1.27)[2] and what has been called "sentencing entrapment."[3] The present motion does not address sentencing entrapment. Defendant objects to the motion as "premature as the trial has not commenced." (#138 at 1). It does not appear that the Tenth Circuit has addressed whether a motion in limine is an appropriate vehicle in this context.[4]

Because the question of entrapment is generally one for the jury, rather than for the court, an entrapment jury instruction is appropriate only when a defendant produces sufficient evidence from which a reasonable jury could find entrapment. *United States v. Robinson,* 993 F.3d 839, 846 (10th Cir.2021). The issue is whether to apply this test before trial.

---

[2]A defendant is entitled to have a jury consider any defense which is supported by the law and has sufficient foundation in the evidence to create a genuine issue of fact. To raise a valid entrapment defense, a defendant must show an evidentiary basis on which the jury could find (1) government inducement of the crime and (2) a lack of predisposition on the part of the defendant to engage in the criminal conduct. A defendant may do this either by presenting his own evidence or by pointing to the evidence presented by the government, but conclusory or self-serving statements, such as suggestions that the jury could disbelieve evidence presented at trial, alone will not suffice. The fact that the government employed deceit or persuasive tactics in investigating criminal activity is insufficient to establish entrapment. *United States v. Stein,* 985 F.3d 1254, 1264-65 (10th Cir.2021)(citations omitted).

[3]Another variant, entrapment by estoppel, is not at issue.

[4]The Seventh Circuit has stated: "Entrapment is usually an issue for a jury, but it can be addressed as a matter of law before trial if the defendant is unable to provide sufficient evidence that a rational jury could infer that the defendant had been entrapped." *United States v. Plowman,* 700 F.3d 1052, 1057 (7th Cir.2012); *United States v. Mayfield,* 771 F.3d 417 (7th Cir.2014)("As a practical matter, entrapment is now regularly litigated as it was here: before trial, on the government's motion in limine to preclude the defense"). *Id.* at 440. The next sentence, however, states: "Though this practice is permissible, it carries an increased risk that the court will be tempted to balance the defendant's evidence against the government's, invading the province of the jury." *Id.* (citations omitted).

The court agrees with the defendant. The Tenth Circuit has stated that "unlike their civil counterparts, criminal proceedings have no extensive discovery and summary judgment procedures requiring both sides to lay their evidentiary cards on the table before trial." *United States v. Pope,* 613 F.3d 1255, 1259-60 (10th Cir.2010). This passage is usually cited when a defendant seeks to dismiss an indictment, but the logic is the same as to an affirmative defense. The passage quoted at footnote 1 of this order observes that defendant can meet his burden of proof by pointing to evidence presented by the government. Without "summary judgment"-type motion practice, this must await trial. The defendant also notes that the conversation between the defendant and the confidential source setting up the deal was not recorded (#138 at 2). The confidential source's testimony at trial is essential to making any determination. Accordingly, as to "traditional" entrapment, the government's motion is denied.

The government asserts, in the alternative, that should defendant be permitted to present an entrapment defense to the jury, the government be allowed to present rebuttal evidence. Specifically, that a defendant's criminal history is pertinent to the issue of predisposition. The Tenth Circuit has lent support to this position. *See Scull,* 321 F.3d at 1276.[5] This is an exception to the usual prohibition on propensity evidence. The issue will

---

[5] "The prosecution may introduce evidence of a defendant's propensity to commit crimes to prove predisposition, but such evidence must await a clear indication that the defendant will offer an entrapment defense." 2A Wright & Henning, §495 at 106 (2022 supp.).

3

be discussed outside of the jury's hearing at the appropriate time. Such evidence, however, will be limited to prior pertinent convictions, not mere criminal charges.

Regarding "sentencing entrapment,"[6] the defendant argues that the evidence will demonstrate that the government pre-determined the amount of fentanyl involved in the transaction, and this amount triggers the mandatory minimum sentence under 21 U.S.C. §841(b)(1)(B)(vi). He has submitted a proposed jury instruction on the issue. (#108 at 14). He has also submitted a proposed instruction regarding "lesser-included offense." (#108 at 16-17). This tracks the approach that sentencing entrapment occurs when a defendant, although predisposed to commit a minor or lesser offense, is entrapped into committing a greater offense subject to greater punishment. *See United States v. Staufer,* 38 F.3d 1103, 1106 (9th Cir.1994). "After *Apprendi v. New Jersey,* 530 U.S. 466 (2000), a drug quantity that increases a defendant's statutory maximum punishment is an element of a drug trafficking offense" *United States v. Combs,* 827 F.3d 790, 796 (8th Cir.2016). Drug quantity is listed as an element for the offense in Tenth Circuit Pattern Instruction 2.85. Nevertheless, the Eleventh Circuit for example states, albeit in conclusory fashion, "*Apprendi* has no application to a sentencing entrapment defense." *United States v. Cannon,* 987 F.3d 924, 944 (11th Cir.2021).

In any event, the Tenth Circuit has charted its own course. It holds that "sentencing entrapment" or "sentencing factor manipulation" claims should be analyzed under the

---

[6]There is a split of authority among the circuits as to recognition and application of this defense. *See United States v. Moffitt,* 797 Fed.Appx. 708, 713 & n.9-11 (3rd Cir.2020).

standard for "outrageous governmental conduct." *United States v. Scull,* 321 F.3d 1270, 276 n.3 (10th Cir.2003). Under that standard, the relevant inquiry is whether, considering the totality of the circumstances, the government's conduct is so shocking, outrageous and intolerable that it offends the universal sense of justice. *See United States v. Lacey,* 86 F.3d 956, 963 (10th Cir.1996).

This does not appear to be a standard submitted to a jury for determination. In other words, in the Tenth Circuit "sentencing entrapment" appears to be a defense at the <u>sentencing</u> stage rather than the trial stage. *See* U.S.S.G. §2D1.1, application notes 5 & 27(A).

It is the order of the court that the motion in limine of the government (#135) is hereby granted in part and denied in part. It is denied in that the court will not issue a pretrial ruling prohibiting defendant from presenting an entrapment defense. It is granted in that the court does not at this time preclude rebuttal evidence should an entrapment defense be presented.

Although not a subject of the motion, the court rules that a theory of sentencing entrapment will not be presented to the jury, but may be presented in the context of sentencing should defendant Triplett-Armstrong be convicted of Count One.

**ORDERED THIS 15TH DAY OF FEBRUARY, 2023.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma